RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/22/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TUTTLE CRAIG | CIVIL ACTION NO. 10-1532 |
| VERSUS | U.S. DISTRICT JUDGE DRELL |
| SIEMENS ENERGY, INC. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is defendant's motion to dismiss, Doc. # 9, under 28 U.S.C. 1391 or, alternatively, to transfer venue under 28 U.S.C. 1404 or 1406. This is a suit against plaintiff's employer claiming violations of the Family Medical Leave Act (FMLA).

Plaintiff is now a Louisiana resident and defendant (SEI) is a Delaware corporation with its headquarters in Orlando. Plaintiff worked in its Houston office before being terminated for not showing up for work. Plaintiff claims she was illegally denied FMLA leave to care for her ill father in Louisiana.

Defendant argues that the general venue provision is applicable, that venue is improper under that statute, and that the case should be dismissed. Alternatively, defendant argues that venue should be transferred pursuant to 28 U.S.C. 1406(a) or, for the convenience of the parties, under 28 U.S.C. 1404(a).

### The general venue statute

Once challenged, the burden is on the plaintiff to show that venue is proper. Whitehead v. FedEx, No. 10-1120 (W.D. La. 2010). The court may consider other evidence, in addition to the complaint, in determining whether venue is proper. Ambraco, Inc. v. Clipper Faith MV, 570 F.3d 233, 238 (5th C. 2009).

Because the FMLA does not contain a special venue provision, the general venue statute, 28 U.S.C. 1391 applies. It provides that, in a diversity case, venue is proper in:

1) a judicial district where any defendant resides if all defendants reside in the same State,

2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or

3) a judicial district in which any defendant is subject to personal jurisdiction, if there is no district in which the action may otherwise be brought.

The evidence shows that SEI does not reside in Louisiana. A corporation resides in any district where its contacts would be sufficient to subject it to personal jurisdiction under a jurisdictional type analysis. See 28 U.S.C. 1391(c).

As the court stated in <u>Alpine View v. Atlas Copco AB</u>, 205 F.3d 208 (5th C. 2000): "The Due Process Clause ... permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. <u>Mink v. AAAA Dev. LLC</u>, 190 F3d 333 (5th C. 1999) ((quoting <u>Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir.1999)</u> (in turn quoting <u>International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)</u>)). "Minimum contacts" can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction. See <u>Wilson v. Belin, 20 F.3d at 647.</u> Specific jurisdiction over a nonresident corporation is appropriate when that corporation has purposefully directed its

activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). General jurisdiction, on the other hand, will attach where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are "continuous and systematic." Helicopteros, 466 U.S. at 415-16, 104 S.Ct. 1868.

Plaintiff must show, therefore, that the defendant purposefully availed itself of the benefits and protections of the forum district and that it either had continuous or systematic general business contacts with the district or that the claim arises out of or is related to the defendant's contact with the district. In supporting venue here, Craig makes two arguments: that she was hired while a resident of this district and that she has worked on defendant's jobs in Louisiana from time to time.

Defendant has provided affidavits showing that it is in the business of providing products and services to the power and oil and gas transportation industries. It has about 2,000 employees in Houston and only a small operation in Louisiana with only 10 employees. It has no office, phone, employees or mailing address in the Western District, nor does it have a bank account real estate or other assets here. While it admits to some limited contacts within the Western District, defendant's presence here falls far short of the substantial, continuous and systematic contacts necessary to confer general jurisdiction and, thus, under 1391(c), venue. Craig has not shown otherwise.

Neither has plaintiff shown venue under a "specific jurisdiction" analysis. The acts sued

3

upon do not arise out of activities in this district despite plaintiff's argument that she was hired while living in the district by being mailed a letter at her Louisiana address[1]. The defendant's contact with the forum district must arise out of activities in that district and not merely out of the employment relationship. See Billhorn v. Greystone Communities, Inc., No. 97-C-5119 (N. D. Ill. 1998).

Under the second prong of 28 U. S. C. 1391, that is, 1391(a)(2), in order to establish venue as proper here, plaintiff would have to show that a substantial part of the events giving rise to the suit occurred here. That plaintiff has not done. Despite the fact that plaintiff lived here when she was hired and worked in Louisiana some over the years, the decision to terminate her and her termination and the company's alleged failure to allow FMLA leave did not occur here, but rather occurred in Houston.

Based on the foregoing, venue is not proper in the Western District of Louisiana. However, in the discretion of the court and in the interests of justice, the case should be transferred to a court of proper venue under 28 U. S. C. 1406(a).

### Transfer for the convenience of the parties under 28 U.S.C. 1404(a)

Finally, the case also qualifies for transfer for the convenience of the parties. Such a transfer is within the court's sound discretion. Jarvis v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1988). Defendant bears the burden of establishing that the transferee forum is more convenient. Pateet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989).

---

[1] Plaintiff's argument that she worked in Louisiana is irrelevant; what matters in this venue analysis (as opposed to a jurisdictional analysis) is contact with the district, not the State.

4


In deciding whether to transfer venue for the convenience of the parties, a court must consider the following factors[2]:

> 1) The relative ease of access to sources of proof,
> 2) The availability of compulsory process to secure the attendance of witnesses,
> 3) The cost of obtaining the attendance of witnesses,
> 4) Other practical problems that make trial of a case easy, expeditious and inexpensive,
> 5) Administrative difficulties flowing from court congestion,
> 6) Local interest in having localized issues decided at home,
> 7) Familiarity of the forum with the law that will govern the case, and
> 8) Avoidance of conflicts of laws.

Considering all of these factors which apply, the court is convinced that the interests of justice and convenience of the parties and witnesses require transfer. The primary witnesses will be those persons in Houston involved in the alleged denial of FMLA leave and in the termination decision. Although plaintiff argues that plaintiff's father's doctors in Louisiana may be witnesses, it is likely that his medical condition and need for personal care can be proved by medical records or by the deposition of his primary treating physician Thus compulsory process is more easily available in Houston than here and the cost to have witnesses testify would be far less there than here.

As to the fourth factor, the parties have not suggested any other problems that would make the trial easier, more expeditious or inexpensive if it were to be held in either place.

Defendant does, based on statistics, suggest that the case is likely to go to trial more quickly in Houston than in Alexandria. Reliance on court statistics regarding time to trial is

---

[2] In re: Volkswagen of America, Inc., 545 F.3d 304 (5th C. 2008).

inherently flawed and can be influenced by such things as dismissals of old cases, a sudden influx of new cases (for example, the cases arising out of hurricane Katrina) or other events that may cause aberrations in the figures. The remaining factors in the analysis are neutral.

Based on this analysis, even if the case were not to be transferred under §1391 and §1406, it should be transferred pursuant to §1404.

For the foregoing reasons, IT IS RECOMMENDED that this case be transferred to the docket of the United States District Court for the Southern District of Texas, Houston Division, for further proceedings.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED**

**FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 21st day of June, 2011.

                                            JAMES D. KIRK
                                            UNITED STATES MAGISTRATE JUDGE