IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TUTTLE CRAIG, A/K/A<br>PATRICIA CRAIG,<br><br>    Plaintiff,<br><br>v.<br><br>SIEMENS ENERGY, INC.,<br><br>    Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. 4-11-CV-02857 |

## DEFENDANT SIEMENS ENERGY, INC.'S ORIGINAL ANSWER
## AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Siemens Energy, Inc. ("SEI") answers the Complaint of Plaintiff Tuttle Craig ("Craig") as follows:

## ANSWER

Without waiving any of its affirmative or other defenses, SEI answers Craig's Complaint in paragraphs that correspond by number as follows:

### I.

SEI admits that it is incorporated in Delaware, is authorized to do business in all parts of Louisiana, and does a small percentage of its business in the Western District of Louisiana. SEI further admits that it has been served and already appeared in this action. SEI denies all remaining allegations, if any, in paragraph I of the Complaint.

### II.

SEI admits that Craig alleges a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. SEI denies all remaining allegations, if any, in paragraph II of the Complaint.

### III.

SEI denies the allegations in Paragraph III of the Complaint.

### IV.

SEI admits that it hired Craig as a "Specialist C" field service technician and that Craig was employed in that position during at least a portion of her employment. SEI denies the remaining allegations in Paragraph IV of the Complaint.

### V.

SEI denies the allegations in Paragraph V of the Complaint. In addition, Craig's allegations in Paragraph V are immaterial, impertinent, and scandalous, and the Court should strike those allegations from the Complaint under Federal Rule of Civil Procedure 12(f)(1).

### VI.

SEI denies the allegations in Paragraph VI of the Complaint. In addition, Craig's allegations in Paragraph VI are immaterial, impertinent, and scandalous, and the Court should strike those allegations from the Complaint under Federal Rule of Civil Procedure 12(f)(1).

### VII.

SEI admits that Craig asked to take a 30-day unpaid leave on July 18, 2008, and further admits that the leave was non-FMLA. At Craig's request, SEI extended the leave of absence through September 30, 2008. SEI does not have sufficient knowledge to admit or deny that Craig spent her leave of absence at her home in Pineville, Louisiana, and, therefore, denies that allegation. SEI denies the remaining allegations in Paragraph VII of the Complaint.

### VIII.

SEI is without sufficient knowledge to admit or deny the allegations in Paragraph VIII of the Complaint and, therefore, denies them.

**IX.**

SEI denies the allegations in Paragraph IX of the Complaint.

**X.**

SEI is without sufficient information to admit or deny and, therefore, denies all allegations in Paragraph X of the Complaint.

**XI.**

SEI denies the allegations in Paragraph XI of the Complaint.

**XII.**

SEI denies the allegations in Paragraph XII of the Complaint.

**XIII.**

SEI admits that Craig was scheduled to report to work in Houston, Texas, on Wednesday, October 1, 2008. SEI further admits that Craig failed to report to work for three consecutive days ending on Friday, October 3, 2008, and that Craig's employment was terminated on October 6, 2008. SEI further admits that Craig held the position of Specialist A Technician at the time of her termination. SEI denies the remaining allegations in Paragraph XIII of the Complaint.

**XIV.**

SEI is without sufficient information to admit or deny and, therefore, denies all allegations in Paragraph XIV of the Complaint.

**XV.**

SEI denies the allegations in Paragraph XV of the Complaint.

**XVI.**

SEI denies the allegations in Paragraph XVI of the Complaint.

## XVII.

SEI admits that Craig has requested a jury trial with respect to all claims that are triable to a jury. SEI denies that Craig is entitled to a jury trial on any matters not properly triable to a jury and denies all remaining allegations, if any, in paragraph XVII of the Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, SEI pleads the following affirmative and other defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit:

### First Defense

Craig's Complaint should be dismissed, in whole or in part, for the failure to state a claim upon which relief can be granted.

### Second Defense

Craig's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Defense

All actions taken by SEI were taken for legitimate, nonretaliatory business reasons and not to interfere with Craig's rights under the FMLA, if any.

### Fourth Defense

All actions taken by SEI with respect to Craig would have been necessary in the absence of any allegedly impermissible factors.

### Fifth Defense

Craig was an at-will employee, and her employment could be terminated with or without cause, at any time, and for any reason not prohibited by state or federal law.

### Sixth Defense

Craig failed to provide SEI with sufficient notice of her alleged need for FMLA leave.

### Seventh Defense

Craig was not entitled to FMLA leave because neither she nor a qualified family member suffered from a serious health condition at the relevant time.

### Eighth Defense

Craig has failed, in whole or in part, to mitigate her alleged damages.

### Ninth Defense

Any award of liquidated damages is unwarranted and unavailable because any actions about which Craig complains were taken by SEI in good faith, and SEI had reasonable grounds for believing that its actions toward Craig were, at all times, in compliance with the FMLA.

### Tenth Defense

Craig's damages (if any) are limited by the applicable caps on damages set forth in 29 U.S.C. § 2617(a)(1) and any other applicable statutes that serve to cap damages.

### Eleventh Defense

Craig's claims for punitive and/or exemplary damages are unconstitutional, unavailable, and further precluded by SEI's good faith efforts to comply with all applicable laws and the fact that any violations by SEI (if any) were not wanton, willful, or malicious.

### Twelfth Defense

Craig's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

### CONCLUSION AND PRAYER

SEI prays that Craig take nothing from her suit and that SEI have judgment for its costs and attorney's fees, and for such other and further relief, at law or in equity, to which it may be justly entitled.

                      Respectfully submitted,

                      */s/ Ryan Griffitts*

Of Counsel:                  Ryan Griffitts
                          Texas Bar No. 00796681
Littler Mendelson, P.C.        S.D. Tex. Bar No. 24114
and                          2001 Ross Avenue, Suite 1500
Allan H. Neighbors, IV         Dallas, TX 75201
Texas Bar No. 24033660        214.880.8100 (Telephone)
S.D. Tex. Bar No. 34398        214.880.0181 (Facsimile)
and                          rgriffitts@littler.com
Timothy A. Rybacki
Texas Bar No. 24056248        ATTORNEYS FOR DEFENDANT
S.D. Tex. Bar No. 18058
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713-951-9400 (Telephone)
713-951-9212 (Facsimile)
aneighbors@littler.com
trybacki@littler.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 24, 2011, I electronically filed the foregoing document using the CM/ECF system, and served a copy of this filing on the following persons by:

      U.S. FIRST CLASS MAIL

      Tuttle Craig
      521 Palmer Chapel Rd.
      Pineville, Louisiana 71360

                      */s/ Timothy A. Rybacki*
                      Timothy A. Rybacki

Firmwide:102578803.1 067220.1001